ZINTER, Justice
(concurring in part, concurring in result in part, and dissenting in part).
[¶ 43.] I join the opinion of the Court on all but two issues. I concur in result on that portion of Issue la. discussing Sta-blers’ alternative remedies of rescission versus compensatory damages. I dissent on Issue 3 (punitive damages). The circuit court’s vacation of punitive damages should be affirmed under well-established law.

Issue la: Rescission v. Compensatory Damages

[¶ 44.] Stan and Rose Stabler made a tactical decision to elect money damages as their remedy. They did so by affirming the validity of the 2004 note and CREM in order to obtain dismissals of Beyers’ counterclaims on the 2000 and 2002 notes/mortgages. The circuit court adopted Stablers’ position and dismissed the counterclaims. The circuit court ruled that the 2004 note and CREM discharged the earlier notes/mortgages. Therefore, the circuit court ruled that Stablers could not rescind the 2004 note and CREM: Stablers were limited to seeking damages at trial. See supra ¶ 9. This Court agrees, correctly concluding that Stablers were judicially es-topped from thereafter “seeking rescission of the 2004 Transaction.” See supra ¶¶ 14-15. Stablers were relegated to seeking compensatory damages in tort for fraud in the inducement.
[¶ 45.] Following the circuit court’s dismissals of the counterclaims, Stablers apparently acknowledged their election because they repeatedly “stated that they were seeking damages.” See supra ¶ 15 (emphasis added). When pressed to identify the fraud damages they would seek, they identified four categories of compensatory damages for trial: (1) emotional distress, (2) payments on discharged debts, (3) damage to property rights'and credit reputation, and (4) attorney’s fees and punitive damages. Considering damage categories (1) through (3), I agree with the Court that Beyers was not entitled to summary judgment. Stablers were entitled to attempt to prove that they had sustained one of those categories of compensatory damages.
[¶ 46.] But Stablers did not follow through and prove any of those damages at trial. The emotional distress claim did not go to the jury, Stablers conceded they made no payments on the note, and Sta-blers withdrew their claim for damages to property rights and credit reputation. Further, the request for punitive damages was not a stand-alone, compensatory-damage claim. It was awardable only if Stablers recovered other compensatory damages. See Hoaas v. Griffiths, 2006 S.D. 27, ¶ 18, 714 N.W.2d 61, 67. Finally, Stablers withdrew their claim for attorney’s fees. See supra ¶ 16.
[¶ 47.] Therefore, I disagree that Sta-blers actually “pursued the case as a tort action” for compensatory damages. See supra ¶¶ 15,17. On the contrary, Stablers sought rescission at trial; i.e., they sought to avoid enforcement of all or the part of the $650,000 note that was induced by fraud. “A rescission is an avoidance of a transaction.... Rescission ... refers to the avoidance of the transaction or the calling off of the deal_” Dan B. Dobbs, *486 Handbook on the Law of Remedies: Damages-Equity-Restitution § 4.8, at 254 (1st ed.1973). On the other hand, the term “damages” is defined as “[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury[.]” Black’s Law Dictionary 471 (10th ed.2014). Here, Stablers did not obtain a judgment awarding money: Beyers did. Stablers sought and obtained the equitable remedy of rescission to avoid paying part of the note and mortgage. This Court agrees that Stablers’ judgment “declarfed] [the] $439,100 uncollectible.” See supra ¶ 9.
[¶ 48.] Stablers also continued to seek avoidance of the debt after trial. In post-trial motions, they argued that the entire debt should be declared unenforceable because of the fraud. One of Stablers’ proposed judgments would have rendered the entire $650,000 mortgage and note unenforceable. In ruling on the post-trial matters, the circuit court recognized that the jury had not awarded money damages. The court set aside the punitive damage verdict because Stablers recovered no underlying “damages.” This record clearly reflects that Stablers did not actually pursue their fraud claim as a tort action and recover money damages. Indeed, as is explained below, the only judgment entered on the 2004 transaction was a money judgment against Stablers in favor of Bey-ers for the amount of principal and interest remaining after the court deducted the amount the jury found Stablers could “avoid paying.”
[¶ 49.] I also disagree that the “overall tenor of the [jury] instructions sounded in tort.” See supra ¶ 17. On the contrary, no instruction was given telling the jury how to calculate any type of tort damage. The only remedy instruction given was an instruction on rescission. Instruction No. 12 stated Stablers had to prove that the $650,000 note and mortgage were obtained through fraud and if they did, “that Stan and Rose Stabler are entitled to avoid paying the Defendants on some or all of the note, and are entitled to avoid the effects of the mortgage in whole or in part.” Avoidance of an obligation is the quintessential hallmark of rescission. See Dobbs, supra ¶ 47, § 4.3, at 254-55. In sum, although Stablers argue otherwise, the jury was instructed and the judgment was entered for rescission: the partial avoidance of paying Beyers on his counterclaim to recover under the 2004 note and CREM. As a consequence, Stablers improperly pursued inconsistent remedies by affirming the 2004 note and CREM to discharge the pre-fraud 2000 and 2002 notes/mortgages in pretrial proceedings, and later seeking rescission of the 2004 note and CREM before the jury.
[¶ 50.] Nevertheless, I concur in'result on this issue. Instruction 12 was submitted to the jury without objection. Therefore, the instruction on rescission became the law of the case, and the Defendants’ motion for new trial has not been preserved on this issue. See Alvine Family Ltd. P’ship v. Hagemann, 2010 S.D. 28, ¶ 20, 780 N.W.2d 507, 514; State v. Hage, 532 N.W.2d 406, 412 (S.D.1995).

Issue 3: Exemplary damages

[¶ 51.] The circuit court set aside the $20,000 punitive damage award because Stablers did not recover “damages.” I would affirm that ruling because, as explained above, Stablers recovered no compensatory damages in tort. Alternatively, even if one agrees that Stablers obtained a judgment against Beyers for compensatory damages — an assertion contradicted by the judgment — Stablers failed to obtain a net recovery. Therefore, punitive damages were not awardable under well-established law.
[¶ 52.] Although the judgment relating to the 2004 transaction awarded Stablers *487 no money, the majority contends that Sta-blers recovered a “significant amount.” See swpra ¶ 24. But the language of the judgment belies this contention. The judgment was entered for $356,776.72 “in favor of John K. Beyers against Stan and Rose Marie Stabler.” (Emphasis added.) That amount represented the principal and prejudgment interest Stablers still owed Beyers on the 2004 note less the $439,100 that the jury, under the language of Instruction 12, found Stablers could “avoid paying” because it was procured by fraud.[20] Thus, the circuit court correctly ruled that Stan and Rose received no “actual compensatory payment” under the judgment. Circuit Court’s July 8, 2013 Memorandum Decision at 9.
[¶ 53.] The law in such cases is well settled. “We have ‘consistently held that punitive damages are not allowed absent an award for compensatory damages.’ ” Hoaas, ¶ 18, 714 N.W.2d at 67 (quoting Schaffer v. Edward D. Jones & Co., 521 N.W.2d 921, 928 (S.D.1994)). Because the judgment awarded Stablers no money, they may not recover punitive damages. See id. Additionally, where parties recover claims against each other that are “intertwined” — i.e., arising from the “same transaction”—the claims must be offset to determine whether there is a net recovery. Id. ¶¶ 22-23, 714 N.W.2d at 68. Unless a punitive-damage claimant obtains a net recovery of compensatory damages, he “cannot be awarded punitive damages.” Id. ¶ 23.
[¶ 54.] In this case, the parties’ claims were intertwined. In its memorandum opinion, the circuit court indicated that it allowed the punitive damage claim to go to the jury only because when the case began, there were many competing claims and it could not be determined who would ultimately prevail. The court further indicated that after the claims had narrowed because of court rulings and the jury verdict, there were offsetting claims and Sta-blers did not obtain a net recovery. Therefore, one may, for the purpose of argument, agree with today’s majority that the judgment — allowing Stablers to avoid paying part of the note — was a judgment recovering tort damages. See supra ¶ 24. Yet, Stablers may not recover punitive damages because there is no dispute that they did not obtain a net recovery. See Hoaas, 2006 S.D. 27, ¶ 18, 714 N.W.2d at 67.[21] Because Stablers obtained no net recovery, the circuit court correctly set aside the punitive damage award.[22]

. The central issue at trial was Beyers' counterclaim seeking enforcement of the $650,000 note. Under jury instruction 12, the jury determined that Stan and Rose were entitled to "avoid paying” $439,100 of the debt because of Beyers’ fraud. After the trial, the court entered judgment against Stablers for the remaining $210,900. With prejudgment interest, the judgment against Stablers totaled $356,766.72.

. The majority argues that Hoaas is confined to its facts, see supra ¶ 24 n. 18. But the facts in both cases are analogous, and Hoaas specifically delineated the type of case in which Hoaas would not apply. "Under a different set of facts, an offset may involve a transaction which is independent of a plaintiff’s claims and, consequently, may not affect entitlement to punitive damages.” Hoaas, 2006 S.D. 27, ¶ 23 n. 2, 714 N.W.2d at 68 n. 2. Here, Beyers' claim is not independent of Stablers'. Both claims are intertwined in the 2004 transaction. Therefore, even if Stablers did recover "compensatory damages,” as the majority concludes, Stablers can recover no punitive damages "[bjecause the setoff negates [their] compensatory damages,” and they received no recovery. Id. ¶ 24, 714 N.W.2d at 68.

.Defendants were not, however, entitled to prevail on their motion for a new trial alleging that allowing punitive damage evidence *488 prejudiced their case and should not have been admitted at trial. See supra ¶ 37, issue 8b. As the circuit court npted, it was not known who would prevail on various claims and defenses until the jury reached its verdict. Considering the procedural history of this case, the court did not abuse its discretion in admitting such evidence.